Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.

**FILED**

May 22 2013, 9:37 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DEBORAH MARKISOHN**
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| THOMAS DUNIGAN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1210-CR-812 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Kimberly Brown, Judge
Cause No. 49G16-1206-FD-042281

**May 22, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**GARRARD, Senior Judge**

Thomas Dunigan was convicted of domestic battery as a Class D felony, domestic battery as a Class A misdemeanor, and battery as a Class A misdemeanor. At sentencing the court merged the battery count into the misdemeanor domestic battery count.

On appeal Dunigan contends the misdemeanor domestic battery conviction is barred under the double jeopardy clause of Article 1, Section 14 of the Indiana Constitution. He also contends it was error for the court to admit photographs of him taken just after his arrest.

Dunigan prevails in his first contention as the State correctly concedes that the misdemeanor conviction is barred by double jeopardy. *See Spivey v. State*, 761 N.E.2d 831, 832 (Ind. 2002) (stating two challenged offenses constitute the same offense if there is a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense).

Dunigan next contends the court erred in admitting "photographs of Thomas which were taken just after his arrest." Appellant's Br. p. 7. His objection was that they were "more prejudicial than probative." Tr. p. 63. These he later identifies in his argument as Exhibits 15, 16, and 18 through 23. All depict Dunigan at the time of his apprehension and display the effects of his encounter with the K-9 police dog used by the department. They illustrate the testimony given by the officers at trial.

During the testimony of Sergeant Brian Clark Exhibits 15 and 20 through 23 were offered into evidence and counsel for defendant stated, "No objection." Tr. p. 85.

2

Accordingly, any error concerning their admission has been waived. Ind. Evidence Rule 103(a)(1); *Brown v. State*, 929 N.E.2d 204, 207 (Ind. 2010).

Exhibits 16 and 19 depict the bandaged leg of Dunigan after his apprehension and Exhibit 18 depicts his bandaged left arm. Any potential error in the admission of these exhibits was harmless because it could not have affected the substantial rights of the defendant. *Hogland v. State*, 962 N.E.2d 1230, 1238 (Ind. 2012), *reh'g denied.*

Accordingly, it follows that no harmful error has been shown concerning the exhibits.

The conviction for domestic battery as a Class A misdemeanor is vacated. In all other respects the judgment is confirmed.

Affirmed in part and reversed in part.

RILEY, J., and MAY, J., concur.