Omar SALAHUDDIN, Appellant,

v.

STATE of Indiana, Appellee.

No. 685 S 256.

Supreme Court of Indiana.

May 14, 1986.

Sheila Suess Kennedy, Mears, Crawford, Kennedy & Eichholtz, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Omar Salahuddin was convicted at the conclusion of a jury trial in the Marion Superior Court of attempted rape, a class B felony. He was further adjudged an habitual offender, and his sentence of twenty (20) years was enhanced by an additional thirty (30) years. On direct appeal he raises the following issues:

1. admission of certain evidence;
2. instructing of the jury;
3. sufficiency of the evidence; and
4. propriety of the habitual offender charge.

L.J., the fifteen year old victim, was babysitting at the apartment of Marilynn Turner. Appellant knocked on the door and identified himself as Leo, the name of Turner's boyfriend. L.J. opened the door a crack and Appellant forced it open, entered the apartment, threw L.J. against the closet door, and dragged her down the hallway to the bedroom, throwing her against the walls as they went. L.J. escaped to the bathroom and locked herself in, but Appellant kicked in the door. Appellant threw L.J. down on the bed and demanded to have sexual intercourse with her. He ripped her shirt as he tried to remove it, and then began to undress. Subsequently, L.J. was able to knock Appellant off from on top of her, and she ran out of the apartment. Appellant left, and L.J. returned, locked the door and called the police.

I

Appellant argues that State's Exhibit No. 7, the victim's shirt, was improperly admitted into evidence because an insufficient chain of custody was established, which left open the possibility that the shirt had been tampered with.

To establish a chain of custody the State need only provide evidence that strongly suggests the exact whereabouts of the evidence at all times. The state need not provide evidence that excludes all possibilities of mishap or tampering. *Graham v. State* (1970), 253 Ind. 525, 530, 255 N.E.2d 652, 654. The State need only provide reasonable assurance that the evidence passed through various hands in an undisturbed condition. *Holt v. State* (1980), 272 Ind. 544, 546, 400 N.E.2d 130, 131–132.

The shirt in question was torn all the way across its front. Appellant alleges error because at an earlier deposition L.J. had stated that it was torn about five inches. Appellant therefore claims the shirt was tampered with. L.J. testified at trial that the shirt and tear were exactly as they had been on the night of the crime. She explained that her inconsistent statements were due to the fact that at the time of her deposition she had not seen the shirt for a long time. After acknowledging and explaining the inconsistency, L.J. stated she had no doubt the shirt was in exactly the same condition. This testimony did not render the exhibit inadmissible; the weight to be given the testimony was properly before the jury.

Appellant also argues that the trial court erred in allowing L.J. to testify regarding a

statement by one of the children for whom she was babysitting, asking Appellant not to hurt L.J., and to leave. Appellant made a hearsay objection which was overruled.

Hearsay is testimony or written evidence of a statement made out of court, such statement being offered to show the truth of the matters asserted therein, thus resting for its value on the out of court declarant. *Torres v. State* (1982), Ind., 442 N.E.2d 1021, 1024. However, one of the numerous exceptions to the rule regarding hearsay is for statements near in time and place to the crime which complete the story of the crime, or in other words, the *res gestae*. *Jones v. State* (1985), Ind., 472 N.E.2d 1255, 1259. As in *Jones*, the statement about which L.J. testified happened during and as a result of the crime, and completed the story of the crime. The court did not abuse its discretion in allowing the evidence to be admitted.

Appellant further contends Exhibits Nos. 1 and 3 during the habitual offender phase of the trial were improperly certified since the certification failed to state the number of pages accompanying it. He argues that since the improperly certified documents were erroneously admitted into evidence, it cannot be shown they were not tampered with. The exhibits at issue included records which proved two prior, unrelated felonies. While it is true that the certification form has a blank space for the number of attached documents, and that this was not filled out in the present case, there is also a space to inventory the documents. In regard to the exhibits at issue, each document attached to the certifications was listed and accounted for. This fulfilled the purpose for which the documents would have been numbered in an even more foolproof manner.

## II

Appellant next alleges numerous errors in the jury instructions. Appellant tendered an instruction on the defense of abandonment, which instruction was refused. It is not error to refuse an instruction where the evidence at trial does not support it. *Hensley v. State* (1986), Ind., 489 N.E.2d 62, 63. In the present case there is absolutely no evidence that Appellant voluntarily abandoned his effort to commit rape, the underlying crime. Such is the requisite for invoking the defense of abandonment. Ind.Code § 35–41–3–10 (Burns 1985). The only reason the rape was not carried out was because of the victim's own escape. There was no error in refusing this instruction.

Appellant also alleges error due to the trial court's failure to instruct on battery as a lesser included offense. He argues that based on the present facts, he could not have attempted to rape L.J. without committing a battery upon her, and therefore was entitled to the instruction. The test for determining whether it was error to refuse such an instruction is twofold: 1) did the language of the statute and charging document necessarily include the lesser offense in the greater; and 2) was evidence introduced at trial to which the included offense instruction was applicable. *Johnson v. State* (1982), Ind., 435 N.E.2d 242, 245. Furthermore, the evidence must show not only that the lesser offense was committed, but also that the greater offense was not. *Tawney v. State* (1982), Ind., 439 N.E.2d 582, 587, *reh. denied* (1982). Undoubtedly, battery was a lesser included offense in the crime charged here. However, the evidence is clear that the greater offense, attempted rape, was committed. Under *Tawney*, this instruction was properly refused.

Appellant contends the trial court erred in refusing his tendered instruction defining "culpability" and "substantial step." An instruction may properly be refused if its substance is covered by other instructions. *Vincent v. State* (1986) Ind., 489 N.E.2d 49, 52. Final Instruction No. 29 explained to the jury that to be convicted, Appellant must have acted with the culpability required for the underlying crime, rape. It further stated that the culpability required for rape is "knowing" or "intentional" action. These terms were defined

in the court's Preliminary Instruction No. 11. This sufficiently defined "culpability" as Appellant sought to do in his tendered instruction. Appellant maintains the use of the phrase "substantial step" was a term of art which required further definition for the jury. Whether or not a defendant has taken a substantial step toward committing a crime is a question of fact for the jury to determine. For a court to put restrictions on that element of the crime of attempt by further defining it would invade the province of the jury. "Substantial step" is not a term of art in the sense that it is a legal, complex, incomprehensible phrase to the lay mind; thus, it needed no definition. Furthermore, Appellant's tendered instruction did not define "substantial step" in any more detail than the trial court did.

■ Appellant maintains the trial court erred in refusing his instruction on the intoxication defense, because the court's instruction on intoxication failed to cover the burden of proof with respect to the defense. Final Instruction No. 33 explained to the jury that intoxication is a defense only if it negates the specific intent of Appellant, that is, only if Appellant was too intoxicated to form an intent. Furthermore, the jury was instructed that specific intent was an element of the crime charged and that the State was required to prove all elements beyond a reasonable doubt. Read together, as the jury was instructed to do, these instructions sufficiently explain to the jury that the State had to prove intent beyond a reasonable doubt, and that intent could be negated by intoxication. The crux of Appellant's tendered instruction was covered by the court's final instructions, thus, there was no error in the refusal. *Id.*

■ Appellant contends the trial court erred in giving Final Instruction No. 32 because it mandated the jury to find Appellant guilty and invaded the province of the jury. He concedes that the instruction was not drafted in mandatory language, but nonetheless argues that the tone of the language used was improper. Appellant's

argument is without merit. Final Instruction No. 32 simply states:

"To convict the defendant of the crime of Attempted Rape, as charged in Count II, the State must have proven beyond a reasonable doubt each of the following elements: That the defendant 1. knowingly and intentionally 2. engaged in conduct to wit: throwing [L.J.] on a bed and stating to her in specific words that he wanted to have sexual intercourse with her 3. that such conduct was a substantial step toward the commission of the crime of Rape."

Contrary to Appellant's claim, this instruction does not mandate the jury to make any finding. It merely explains to the jury *what the State must prove* to convict Appellant.

■ Appellant also alleges error in the trial court's refusal to instruct the jury regarding the penalty to be imposed upon finding him an habitual offender. In *Kalady v. State* (1984), Ind., 462 N.E.2d 1299, 1306, we stated:

"We have repeatedly held that it is error to instruct the jury as to the penalty involved upon a finding under the habitual offender statute [citation omitted]. Under the present statutory scheme, the jury is to play no role in sentencing defendants under the habitual offender statute or any other criminal penalty statute. Because juries do not fulfill any function regarding sentencing, the penalty prescribed by the legislature is irrelevant for their consideration and the matter wholly outside their purview." [citation omitted].

Therefore, we find no error in the court's refusal to give Appellant's tendered instructions.

### III

■ Appellant next maintains his conviction for attempted rape was based on insufficient evidence of intent. He restates the facts in a light favorable to his case and concludes the jury could not have found beyond a reasonable doubt that he intended to accomplish penetration. Where

sufficiency of the evidence is at issue we will neither weigh the evidence nor judge the credibility of witnesses; rather, we will look to the evidence most favorable to the State together with all reasonable inferences therefrom. If there is substantial evidence of probative value from which the trier of fact might reasonably infer guilt beyond a reasonable doubt, the verdict will not be disturbed. *Harris v. State* (1985), Ind., 480 N.E.2d 932, 937. The evidence set forth above shows Appellant forced his way into the apartment, physically assaulted and injured L.J., threatened her regarding sexual intercourse, tore her clothing as he forced her onto the bed, and began undressing. Clearly from this evidence a jury could infer that Appellant had the intent to penetrate.

Appellant also maintains there was insufficient evidence to find him to be an habitual offender. This allegation of error is based on Appellant's assumption that Exhibit No. 1 during the habitual offender phase was inadmissible. We have already decided, above, that the exhibit was admissible, therefore, Appellant's argument must fail.

### IV

Finally, Appellant claims he was deprived of notice and opportunity to be heard regarding his being found an habitual offender because the State's motion to amend his information to allege such was never ruled on by the court. The State did move to amend the information to include an accusation of habitual offender status on May 4, 1984. While the record does not reveal any ruling by the trial court on the motion, on July 13, 1984, the trial court did grant the State's Motion for Leave to Fingerprint the Defendant Prior to Habitual Offender Sentencing Hearing. Trial by jury commenced on February 25, 1985. Appellant was aware at least seven months prior to trial that the issue of habitual offender status would be raised. He never objected to the court's failure to rule on the motion to amend the information. By not objecting, Appellant waived the issue, even though he maintains the error is of constitutional dimension. *Mitchell v. State* (1983), Ind., 455 N.E.2d 1131, 1132. Furthermore, Appellant should not be heard to argue he was denied notice and opportunity to be heard regarding the issue since his counsel specifically acknowledged that they were prepared to proceed with the habitual offender phase.

The trial court is affirmed.

GIVAN, C.J., and DeBRULER, SHEPARD and DICKSON, JJ., concur.