## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 09 2015, 7:13 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Patricia Caress McMath
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Michael Gene Worden
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Trenton B. Holcomb, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | December 9, 2015 <br><br> Court of Appeals Case No. <br> 52A02-1505-CR-290 <br><br> Appeal from the Miami Circuit Court <br><br> The Honorable Timothy P. Spahr, Judge <br><br> Trial Court Cause No. <br> 52C01-1407-FB-31 |

**Mathias, Judge.**

[1]     Trenton Holcomb ("Holcomb") was convicted in Miami Circuit Court of Class B felony dealing in methamphetamine and Class D felony possession of

methamphetamine. Holcomb appeals and claims that the trial court abused its discretion by admitting into evidence a chain-of-custody report and the methamphetamine forming the basis of Holcomb's convictions. Concluding that the trial court properly admitted the chain-of-custody report and that this report adequately established the chain of custody of the methamphetamine, we affirm. However, we note *sua sponte* that the trial court improperly entered judgments of conviction on both counts without vacating the lesser count. We therefore remand for correction of this sentencing error.

## Facts and Procedural History

On June 25, 2014, a confidential informant ("CI") working with officers of the Peru Police Department participated in a controlled buy of methamphetamine. The CI made plans to meet with Kenny Howell to purchase the methamphetamine. When the CI went to the location for the buy, he saw two other individuals in addition to Howell, one of whom was the defendant in this case, Holcomb. The CI gave Holcomb $50 he had been given by the police to buy the methamphetamine. In return, Holcomb gave the CI a small, tied baggie containing a white, powdery substance later determined to be methamphetamine.

The CI gave the baggie to Detective Jeff Grant ("Detective Grant"), who in turn gave the baggie to Officer Mike Stuber ("Officer Stuber"). Officer Stuber then returned to the police department and gave the baggie to Captain Mike Vinopal ("Capt. Vinopal"), who put the baggie in an evidence locker. Captain Vinopal later took the baggie to Fort Wayne to be tested, where he gave the

baggie to lab technician Sheila Romano ("Romano"). After the testing was complete, Capt. Vinopal retrieved the evidence from the lab and returned it to the evidence locker at the Peru Police Department.

[4] On July 3, 2014, the State charged Holcomb with Class B felony dealing in methamphetamine and Class D felony possession of methamphetamine. A jury trial was held on March 9 – 10, 2015. At trial, Holcomb objected to the admission of State's Exhibit 6, which is a chain-of-custody report of the Peru Police Department. Holcomb's counsel noted that she had not been provided with a copy of the report prior to trial and requested exclusion as the remedy for this discovery violation. The prosecuting attorney acknowledged that the State had not provided the report to Holcomb prior to trial but claimed that he had just received it himself. The trial court offered Holcomb's counsel the opportunity to question the witness about the report, but she declined. The trial court then overruled Holcomb's objection and admitted the report into evidence. Holcomb also objected to the admission of the methamphetamine, arguing that the State had failed to adequately establish the chain of custody. The trial court overruled this objection, and the jury subsequently found Holcomb guilty as charged. The trial court then entered judgments of conviction on both counts.

[5] At a sentencing hearing held on April 9, 2015, the trial court "merged" the two convictions and sentenced Holcomb on the Class B felony to fourteen years, with twelve years executed and two years suspended to probation. Holcomb now appeals.

# I. Admission of Evidence

Holcomb argues that the trial court abused its discretion in admitting into evidence the methamphetamine the CI gave to the police.

## A. Standard of Review

The trial court has discretion in matters regarding the admission and exclusion of evidence, and we review the court's decision only for an abuse of that discretion. *Wells v. State*, 904 N.E.2d 265, 269 (Ind. Ct. App. 2009), *trans. denied*. The trial court abuses its discretion only if its decision is clearly against the logic and effect of the facts and circumstances before it, or if the court has misinterpreted the law. *Id*.

## B. Chain of Custody

According to Holcomb, the State failed to establish a sufficient chain of custody for the methamphetamine. To establish a proper chain of custody, the State must give reasonable assurances that the evidence at issue remained in an undisturbed condition. *Troxell v. State*, 778 N.E.2d 811, 814 (Ind. 2002). The State bears a higher burden to establish the chain of custody of fungible evidence whose appearance is indistinguishable to the naked eye. *Id*. However, the State need not establish a perfect chain of custody, and once the State strongly suggests the exact whereabouts of the evidence, any gaps in the chain of custody go to the weight of the evidence, not its admissibility. *Id*. Officer handling of evidence has a presumption of regularity; it is also presumed that officers exercise due care in handling their duties. *Id*. To mount a successful

challenge to the chain of custody, the defendant must present evidence that does more than raise a mere possibility that someone tampered with the evidence. *Id.*

[9] In the present case, Holcomb claims a lack of testimony regarding how the methamphetamine got from the laboratory in Fort Wayne to a laboratory in Lowell and back again. This argument wholly disregards State's Exhibit 6, which was the chain-of-custody report. As acknowledged by Holcomb, this report shows the transfer of the methamphetamine from the laboratory in Fort Wayne to the laboratory in Lowell and back again. *See* Appellant's Br. p. 4. Holcomb claims that the State cannot rely on State's Exhibit 6 because it, too, was improperly admitted.

[10] As noted above, Holcomb objected to the admission of State's Exhibit 6 on grounds that the report had not been previously disclosed to him during discovery. That is, Holcomb claims that State's Exhibit 6 should have been excluded as a discovery sanction.

*C. Discovery Violations*

[11] A trial court has broad discretion in dealing with discovery violations and may be reversed only for an abuse of that discretion. *Berry v. State*, 715 N.E.2d 864, 866 (Ind. 1999). Generally, the proper remedy for a discovery violation is a continuance. *Id.* Exclusion of the evidence is an extreme remedy to be used only if the State's actions were deliberate and the conduct prevented a fair trial. *Id.*

[12] Here, nothing in the record indicates that Holcomb requested a continuance to remedy any discovery violation by the State. Indeed, his counsel rejected the trial court's offer to question the sponsoring witness regarding the chain-of-custody report. Although he now claims that a continuance would have been of no use because the sponsoring witness did not make the entries on the report, nothing prevented Holcomb from requesting permission to question whomever made the entries. This is precisely the sort of discovery violation that could have been remedied by a request for a continuance.

[13] Moreover, Holcomb's request for exclusion is an extreme remedy warranted only if the State's actions were deliberate. *See id*. Nothing in the record for this case indicates that the failure to disclose the chain-of-custody report was deliberate. Indeed, the trial court seemed to credit the prosecuting attorney's explanation that the report had just been provided to him that day. Accordingly, the trial court's decision to admit State's Exhibit 6 into evidence was within the court's broad discretion regarding both the admission of evidence and dealing with discovery violations. Because State's Exhibit 6 was properly admitted, Holcomb's claim of an inadequate chain of custody for the admission of the methamphetamine fails.

## II. Sentencing Error

[14] As noted above, the trial court here specifically entered judgments of conviction on both of the guilty verdicts. When sentencing Holcomb, the trial court correctly noted that Holcomb could not properly be convicted of both dealing in

methamphetamine and possession of that same methamphetamine.[1] Therefore, the trial court "merged" the convictions and imposed sentence only on the Class B felony dealing conviction. This was insufficient.

As we explained in *Kovats v. State:*

> If a trial court does not formally enter a judgment of conviction on a jury verdict of guilty, then there is no requirement that the trial court vacate the conviction, and merger is appropriate. However, if the trial court does enter judgment of conviction on a jury's guilty verdict, then simply merging the offenses is insufficient and vacation of the offense is required.

982 N.E.2d 409, 414-15 (Ind. Ct. App. 2013) (citations omitted).

We therefore remand with instructions that the trial court vacate the judgment of conviction entered on the verdict finding Holcomb guilty of Class D felony possession of methamphetamine.

## Conclusion

The trial court did not abuse its discretion by admitting into evidence the chain-of-custody report. Because this report was properly admitted, the State sufficiently established the chain of custody of the methamphetamine admitted into evidence. Accordingly, we affirm Holcomb's conviction for Class B felony dealing in methamphetamine. However, we remand with instructions that the

---

[1] *See Bookwalter v. State*, 22 N.E.3d 735, 742 (Ind. Ct. App. 2014) (noting that possession of a controlled substance is an inherently-included lesser offense of dealing that substance, and a defendant may not generally be convicted and sentenced for dealing and possession of the same substance), *trans. denied*.

trial court vacate Holcomb's conviction for Class D felony possession of methamphetamine.

[18]    Affirmed and remanded.

Baker, J., and Bailey, J., concur.