## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 22 2016, 6:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kurt A. Young
Nashville, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Patrick Cummings,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

April 22, 2016

Court of Appeals Case No.
49A05-1509-CR-1472

Appeal from the Marion Superior Court

The Honorable Shatrese M. Flowers, Judge

The Honorable David Seiter, Commissioner

Trial Court Cause No.
49G20-1312-FB-79001

**Crone, Judge.**

Patrick Cummings was charged with and convicted of class B felony dealing in cocaine and class D felony possession of cocaine based on a single sale to undercover officers in December 2013. The trial court entered judgment of conviction on both counts, "merge[d]" them for sentencing purposes, and sentenced Cummings to twelve years on the dealing conviction. Tr. at 105.

On appeal, Cummings argues that his convictions violate double jeopardy principles. The State concedes the issue. As we explained in *Bookwalter v. State*,

> The Indiana Constitution provides in part, "No person shall be put in jeopardy twice for the same offense." Ind. Const. art. I, § 14. Two offenses are the "same offense" and violate the double jeopardy clause of the Indiana Constitution if, with respect either to the statutory elements of the challenged crimes or the actual evidence used to convict the defendant of the offenses, the essential elements of one challenged offense also establish the essential elements of another challenged offense. *Spivey v. State*, 761 N.E.2d 831, 832 (Ind. 2002). The latter of these forms of double jeopardy is termed the "actual evidence test." *Id*. "Possession of a narcotic drug is an inherently included lesser offense of dealing that drug, and a defendant generally may not be convicted and sentenced separately for both dealing and possession of the same drug," unless "the dealing and possession charges are specifically based only on the respective quantities." *Quick v. State*, 660 N.E.2d 598, 601 (Ind. Ct. App. 1996) (citing, *inter alia*, *Mason v. State*, 532 N.E.2d 1169, 1172 (Ind. 1989), *cert. denied* ).

22 N.E.3d 735, 742 (Ind. Ct. App. 2014), *trans. denied* (2015).

The charging information in this case does not distinguish quantities, and therefore Cummings's possession and dealing of cocaine was the "same

offense" for double jeopardy purposes. "A double jeopardy violation occurs when judgments of conviction are entered and cannot be remedied by the 'practical effect' of concurrent sentences or by merger after conviction has been entered." *Gregory v. State*, 885 N.E.2d 697, 703 (Ind. Ct. App. 2008) (quoting *Morrison v. State*, 824 N.E.2d 734, 741-42 (Ind. Ct. App. 2005), *trans. denied*), *trans. denied* (2009). Therefore, we remand with instructions to vacate the class D felony possession conviction, which will not affect Cummings's sentence. The trial court need not hold a new sentencing hearing on remand.

[4] Remanded.

Najam, J., and Robb, J., concur.