

FILED

May 31 2018, 10:23 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Alicia M. O'Keefe
Law Offices of Richard D. Martin &
Associates
Frankfort, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Katherine Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Tyler Dale Knutson,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

May 31, 2018

Court of Appeals Case No.
12A04-1709-CR-2246

Appeal from the Clinton Superior
Court

The Honorable Justin H. Hunter,
Judge

Trial Court Cause No.
12D01-1704-F5-412

**Vaidik, Chief Judge.**

# Case Summary

[1]     In this interlocutory appeal, Tyler Dale Knutson challenges the trial court's

denial of his motion to dismiss his charge for Level 5 felony unlawful

possession of a syringe.  Because we conclude that the offense of unlawful

possession of a syringe cannot be enhanced to a Level 5 felony based on a prior conviction pursuant to Indiana Code section 16-42-19-27 and can only be charged as a Level 6 felony, we reverse the trial court's denial of Knutson's motion to dismiss and order the court to dismiss the Level 5 felony enhancement.

# Facts and Procedural History

[2] In April 2017, the State charged Knutson with unlawful possession of a syringe, which is a Level 6 felony under Indiana Code section 16-42-19-18. Appellant's App. Vol. II p. 10.[1] The State filed a separate document to enhance the charge to a Level 5 felony based on a prior conviction pursuant to Indiana Code section 16-42-19-27. *Id.* at 9.[2] Knutson filed a motion to dismiss, arguing that there was "no[] statutory authority for elevation of this offense from a level 6 felony, to a level 5 felony, based upon a prior conviction for the offense." *Id.* at 43. Following a hearing, the trial court denied Knutson's motion to dismiss. At Knutson's request, the trial court certified its order for interlocutory appeal, and this Court accepted jurisdiction of the appeal.

---

[1] This count is labeled a Level 5 felony, but the body of the charging information alleges a Level 6 felony.

[2] The State also charged Knutson with Level 6 felony possession of a narcotic drug (Fentanyl), but this charge is not at issue in this appeal.

# Discussion and Decision

[3] The issue is whether unlawful possession of a syringe can be elevated from a Level 6 felony to a Level 5 felony based on a prior conviction pursuant to Indiana Code section 16-42-19-27. Matters of statutory interpretation, which inherently present a pure question of law, are reviewed de novo. *Shepard v. State*, 84 N.E.3d 1171, 1173 (Ind. 2017).

[4] In interpreting a statute, our goal is to determine and give effect to the intent of the legislature. *State v. IBM Corp.*, 964 N.E.2d 206, 209 (Ind. 2012). We start with the plain language of the statute, giving its words their ordinary meaning and considering the structure of the statute as a whole. *Ind. Alcohol & Tobacco Comm'n v. Spirited Sales, LLC*, 79 N.E.3d 371, 376 (Ind. 2017). No word or part of the statute should be rendered meaningless if it can be reconciled with the rest of the statute. *Id.* When the legislature amends a statute, we presume that it intended to change the law unless it clearly appears that the amendment was made only to express the original intention of the legislature more clearly. *Tedlock v. State*, 656 N.E.2d 273, 276 (Ind. Ct. App. 1995).

[5] Indiana Code chapter 16-42-19 sets forth several criminal offenses, most of which concern the possession, use, and sale of legend drugs.[3] With one exception, none of the sections in Chapter 19 sets forth the offense level for a

---

[3] For purposes of Indiana Code article 16-42, "legend drug" "means a drug that is: (1) subject to 21 U.S.C. 353(b)(1); (2) listed in the Prescription Drug Product List . . .; or (3) insulin." Ind. Code § 16-18-2-199.

violation. *See, e.g.*, Ind. Code § 16-42-19-13. Rather, Indiana Code section 16-42-19-27 ("the general offense-level statute") sets forth the offense levels for violations as follows:

> (a) **Unless otherwise specified**, a person who knowingly violates this chapter, except sections 25(b) and 30(c) of this chapter, commits a Level 6 felony. However, the offense is a Level 5 felony if the person has a prior conviction under this subsection or IC 16-6-8-10(a) before its repeal.

> (b) A person who violates section 25(b) of this chapter commits dealing in an anabolic steroid, a Level 5 felony. However, the offense is a Level 4 felony if the person delivered the anabolic steroid to a person who is:

>> (1) less than eighteen (18) years of age; and

>> (2) at least three (3) years younger than the delivering person.

> (c) A person who violates section 30(c) of this chapter commits a Class A infraction.

(Emphasis added). The only section in Chapter 19 that includes an offense level is Indiana Code section 16-42-19-18 ("the syringe-possession statute"), which criminalizes the possession of a syringe as follows:

> (a) A person may not possess with intent to:

>> (1) violate this chapter; or

> (2) commit an offense described in IC 35-48-4;
>
> a hypodermic syringe or needle or an instrument adapted for the use of a controlled substance or legend drug by injection in a human being.
>
> (b) A person who violates subsection (a) commits a Level 6 felony.

[6] Knutson contends that the general offense-level statute—which allows for a Level 6 felony to be enhanced to a Level 5 felony based on a prior conviction—does not apply to the syringe-possession statute because the general offense-level statute begins with "Unless otherwise specified" and the syringe-possession statute (which is the only section in Chapter 19 that includes an offense level) "otherwise specifies" that possession of a syringe is a Level 6 felony. Knutson claims that reading the two statutes any other way would make the phrase "Unless otherwise specified" meaningless as it relates to the syringe-possession statute. The State does not dispute Knutson's claim that reading the statutes any other way would render the phrase meaningless. Rather, the State argues that to read the phrase as Knutson suggests would be "illogical" because there is "no reason why the legislature would not intend for the enhancement based upon having a prior conviction to apply to unlawful possession of a syringe in the same manner that it would apply to the other offenses contained in chapter 19." Appellee's Br. p. 12. But when the history of these two statutes is considered, it is apparent that this is precisely what the legislature intended.

During the 2015 legislative session, the General Assembly, in response to this Court's decision in *Bookwalter v. State*, 22 N.E.3d 735 (Ind. Ct. App. 2014), *trans. denied*, amended the syringe-possession statute to add that a person cannot possess a syringe with intent to inject a controlled substance. In *Bookwalter*, the defendant possessed a syringe with intent to inject heroin, and because heroin is not a legend drug, we reversed his conviction for unlawful possession of a syringe. The following changes were made to the syringe-possession statute, which became effective July 1, 2015 (strike through indicates deletions, bolding indicates additions):

> **(a)** A person may not possess ~~or have under control~~ with intent
> to:
>
> > **(1)** violate this chapter; **or**
> >
> > **(2) commit an offense described in IC 35-48-4;**
>
> a hypodermic syringe or needle or an instrument adapted for the
> use of a **controlled substance or** legend drug by injection in a
> human being.
>
> **(b) A person who violates subsection (a) commits a Level 6
> felony.**

P.L. 187-2015, § 23. In the same public law, in the very next section, the legislature made the following amendment to the general offense-level statute:

> (a) **Unless otherwise specified,** a person who knowingly violates
> this chapter, except sections 24, 25(b), and 30(c) of this chapter,

commits a Level 6 felony.  However, the offense is a Level 5 felony if the person has a prior conviction under this subsection or IC 16-6-8-10(a) before its repeal.

* * * * *

*Id.* at § 24.

[8]     Thus, in back-to-back sections of the same public law, the legislature specified that it is a Level 6 felony to possess a syringe (but notably did not add offense levels to any of the other sections in Chapter 19) and then added the phrase "Unless otherwise provided" to the general offense-level statute.  Given these back-to-back amendments, it is clear to us that the legislature did not intend for the general offense-level statute to apply to unlawful possession of a syringe.  This conclusion is bolstered by the fact that unlawful possession of a syringe was already a Level 6 felony before the 2015 amendments.  In other words, if we were to adopt the State's position that the general offense-level statute— which provides that a person who violates Chapter 19 "commits a Level 6 felony"—applies to unlawful possession of a syringe, then newly added subsection (b) of the syringe-possession statute—which identically provides that a person who unlawfully possesses a syringe "commits a Level 6 felony"— would be completely unnecessary and meaningless.

[9]     As for the State's argument that there is "no reason why the legislature would not intend" for the Level 5 felony enhancement to apply to unlawful possession of a syringe, we find that the 2015 amendments to these statutes are in line with

the General Assembly's comprehensive revisions to our criminal code, which included reducing penalties for certain drug offenses. *See generally* P.L. 158-2013. Although we can understand why the legislature might want to penalize the possession of a syringe as a Level 6 felony—which has a sentencing range of six months to two-and-a-half years, Ind. Code § 35-50-2-7—we can see why it would not want to crowd our prisons with drug addicts by making it a Level 5 felony, which has a significantly higher sentencing range of one to six years, Ind. Code § 35-50-2-6.

[10]  Accordingly, we agree with Knutson that unlawful possession of a syringe cannot be enhanced to a Level 5 felony pursuant to the general offense-level statute. We therefore reverse the trial court's denial of Knutson's motion to dismiss and order the court to dismiss the Level 5 felony enhancement.[4]

[11]  Reversed and remanded.

Barnes, J., and Pyle, J., concur.

---

[4] The State should also amend the charging information for unlawful possession of a syringe to specify that it is a Level 6 felony.