**Pursuant to Ind.Appellate Rule 65(D),
this Memorandum Decision shall not
be regarded as precedent or cited
before any court except for the purpose
of establishing the defense of res
judicata, collateral estoppel, or the law
of the case.**



ATTORNEY FOR APPELLANT:

**MICHELLE F. KRAUS**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| ERIC J. SMITH, | ) |
| | ) |
| Appellant-Defendant, | ) |
| | ) |
| vs. | ) No. 02A03-1311-CR-449 |
| | ) |
| STATE OF INDIANA, | ) |
| | ) |
| Appellee-Plaintiff. | ) |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Frances C. Gull, Judge
Cause No. 02D04-1307-MR-7

**August 20, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Eric J. Smith appeals his convictions for murder and Class B felony possession of a firearm by a serious violent felon. We affirm.

**Issue**

Smith raises one issue, which we restate as whether his convictions violate the prohibition against double jeopardy.

**Facts**

Smith shot and killed Jabron Totton during a dispute in the parking lot of an American Legion post in Fort Wayne. The State charged Smith with murder, with an application for an additional fixed term of imprisonment for using a firearm pursuant to Indiana Code Section 35-50-2-11, and Class B felony possession of a firearm by a serious violent felon. A jury found Smith guilty as charged. The trial court sentenced him to sixty-five years for the murder conviction enhanced by five years for the use of a firearm consecutive to a sentence of twenty years for the possession of a firearm by a serious violent felon conviction. He received an aggregate sentence of ninety years in the Department of Correction. Smith now appeals.

**Analysis**

Smith argues that his convictions violate the prohibition against double jeopardy. The Double Jeopardy Clause of the Indiana Constitution provides "[n]o person shall be put in jeopardy twice for the same offense." Ind. Const. art. 1, § 14. In <u>Richardson v. State</u>, 717 N.E.2d 32 (Ind. 1999), our supreme court concluded that two or more offenses are the same offense in violation of Article 1, Section 14 if, with respect to either the

2

statutory elements of the challenged crimes or the actual evidence used to obtain convictions, the essential elements of one challenged offense also establish the essential elements of another challenged offense. Garrett v. State, 992 N.E.2d 710, 719 (Ind. 2013).

Smith concedes that his convictions do not violate the statutory elements test; rather, Smith argues that his convictions for murder and possession of a firearm by a serious violent felon violate the actual evidence test.[1] "Under the actual evidence test, we examine the actual evidence presented at trial in order to determine whether each challenged offense was established by separate and distinct facts." Id. To find a double jeopardy violation under this test, we must conclude that there is "a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense." Id. "The actual evidence test is applied to all the elements of both offenses." Id. "'In other words . . . the Indiana Double Jeopardy Clause is not violated when the evidentiary facts establishing the essential elements of one offense also establish only one or even several, but not all, of the essential elements of a second offense.'" Id. (quoting Spivey v. State, 761 N.E.2d 831, 833 (Ind. 2002)).

According to Smith, the same evidentiary facts were used to establish the essential elements of both murder and possession of a firearm by a serious violent felon. Our

---

[1] Smith does not that argue the sentencing enhancement for using a firearm and his conviction for possession of a firearm by a serious violent felon violate the prohibition against double jeopardy. See Cooper v. State, 940 N.E.2d 1210, 1215 (Ind. Ct. App. 2011) (recognizing that sentencing enhancements are not offenses for double jeopardy purposes), trans. denied.

supreme court addressed a similar argument in <u>Mickens v. State</u>, 742 N.E.2d 927 (Ind. 2001). There, the defendant challenged his convictions for murder and carrying a handgun without a license based on the prohibition against double jeopardy based on the actual evidence test. Our supreme court rejected the argument and found that "[c]arrying the gun along the street was one crime and using it was another." <u>Mickens</u>, 742 N.E.2d at 931.

Similarly, here, the State proved that Smith committed murder by demonstrating that he caused Totton's death by shooting him with a gun. The State proved that Smith committed possession of a firearm by a serious violent felon by demonstrating that Smith possessed a gun and qualified as a serious violent felon. Smith attempts to distinguish <u>Mickens</u> by arguing that "not a single witness saw Smith with a gun at any point on June 9th." Appellant's Br. p. 11. However, circumstantial evidence demonstrated that Smith possessed the weapon. As the State point out, "One cannot fire a gun without also, at some point, possessing that firearm." Appellee's Br. p. 8. We conclude that Smith's double jeopardy argument fails. Possessing the weapon as a serious violent felon was one crime and using it to murder Totton was another.

**Conclusion**

Smith's convictions for murder and possession of a firearm by a serious violent felon do not violate the prohibition against double jeopardy. We affirm.

Affirmed.

BRADFORD, J., and BROWN, L., concur.