**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**PAULA M. SAUER**
Danville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JONATHAN MAYNARD, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 32A01-1405-CR-205 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HENDRICKS CIRCUIT COURT
The Honorable, Jeffrey V. Boles, Judge
Cause No. 32C01-1304-FC-37

**December 8, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

## Case Summary

Jonathan Maynard appeals his convictions for Class C felony child molesting, Class C felony attempted child molesting, and Class B misdemeanor battery. We affirm in part, reverse in part, and remand.

## Issues

We address one issue, which we restate as whether Maynard's convictions violated the prohibition against double jeopardy.[1]

## Facts

On March 30, 2013, thirteen-year-old H.W. was visiting Melissa Smith overnight. Smith had been married to H.W.'s uncle. Thirty-year-old Maynard is Smith's step-brother and was living with Smith temporarily. Maynard had never met H.W., but after seeing a picture of her, Maynard told Smith's boyfriend that H.W. was "hot." Tr. p. 320. Later that evening, H.W.'s friend, A.W., came over to "hang out" with H.W. Id. at 218.

Late in the evening, Maynard got home. He approached H.W. and kept telling her that she should say, "hi" to him. Id. at 229. Maynard made H.W. uncomfortable, and she did not respond. Later, H.W. fell asleep on the couch, and A.W. slept on the floor. H.W. woke up when Maynard lifted her legs and "slid them up onto the top of the couch." Id. at 236. Maynard sat down where H.W.'s legs had been. H.W. moved her legs off of the top of the couch and onto the middle cushion of the couch. She fell back asleep but woke up when

---

[1] Maynard also argued that his convictions violated the continuing crime doctrine. We need not address this issue given our resolution of his double jeopardy argument.

Maynard put his hand down her shirt. H.W. could feel his hand touching her chest just below her collarbone. H.W. rolled over toward the back of the couch, and Maynard removed his hand. H.W. later rolled back over, and Maynard put his hand on her thigh. H.W. rolled over again, and Maynard moved his hand. A few minutes later, she rolled back over, but Maynard put his hand back down her shirt. Maynard put his hand down her shirt three or four times over about an hour. On the last occasion, Maynard said, "I'm just going to go to bed." Id. at 255. The next morning, Smith asked H.W. if she had slept well. H.W. said, "if he wasn't putting his hand down my shirt and on my leg I would have been able to sleep fine." Id. at 256. Smith immediately called the police.

The State charged Maynard with Class C felony child molesting, Class B misdemeanor battery, and Class C felony attempted child molesting. The information regarding the attempted child molesting charge alleged that Maynard attempted to commit the offense of child molesting by placing "his hand down the front of H.W.'s shirt more than one time, to-wit: 2-4 times, and/or put his hand on her thigh, which conduct constituted a substantial step towards the commission of the crime." Appellant's App. p. 10. The other informations did not specify the specific acts alleged to constitute the offenses. At Maynard's jury trial, the deputy prosecutor stated during closing arguments that Maynard's touching of H.W.'s "hip or chest" constituted battery. Tr. p. 375. As for the child molesting and attempted child molesting charges, the deputy prosecutor also relied on the allegation that Maynard had touched H.W.'s chest and hip. The deputy prosecutor argued that the difference between the child molesting charge and the attempted child molesting charge was

whether Maynard's touching of H.W. reached the point of sexual gratification. During rebuttal, the deputy prosecutor said, "the only question for you is whether he molested her or whether he was just trying to molest her." Tr. p. 396.

During deliberations, the jury asked the trial court to "clarify the difference between the charges [of] child molesting and attempted molesting and also . . . what constitutes battery? Is it one or the other?" Id. at 400. The trial court directed the jury to refer to its instructions. The jury later asked, "If the defendant is found guilty of charge one can he also be found guilty of charge three? Or are they independent?" App. p. 125. The trial court informed the jury, "You may find the defendant not guilty of all three counts or guilty of all three counts or any combination thereof." Id. at 126. The jury then found Maynard guilty of all three charges. At the sentencing hearing, the deputy prosecutor asked the trial court to make the sentences concurrent "because of the touching and the battery I could see how it would come out [of] the same incident." Tr. p. 420. The trial court sentenced Maynard to concurrent sentences of four years with three years suspended to probation on the Class C felony child molesting conviction, four years with three years suspended to probation on the Class C felony attempted child molesting conviction, and 180 days suspended on the battery conviction. Maynard now appeals.

**Analysis**

Maynard argues that his convictions violate the prohibition against double jeopardy. The Double Jeopardy Clause of the Indiana Constitution provides "[n]o person shall be put in jeopardy twice for the same offense." Ind. Const. art. 1, § 14. In Richardson v. State, 717

4

N.E.2d 32 (Ind. 1999), our supreme court concluded that two or more offenses are the same offense in violation of Article 1, Section 14 if, with respect to either the statutory elements of the challenged crimes or the actual evidence used to obtain convictions, the essential elements of one challenged offense also establish the essential elements of another challenged offense. Garrett v. State, 992 N.E.2d 710, 719 (Ind. 2013).

Maynard first argues that his convictions for both child molesting and attempted child molesting violate the statutory elements test. The State concedes that a person may not be convicted of both a crime and an attempt to commit the same crime. Appellee's Br. p. 6 (citing Ind. Code § 35-41-5-3(b)). Accordingly, we reverse and remand with instructions for the trial court to vacate Maynard's conviction for Class C felony attempted child molesting.

Maynard also argues that his convictions for child molesting and battery violate the actual evidence test. "Under the actual evidence test, we examine the actual evidence presented at trial in order to determine whether each challenged offense was established by separate and distinct facts." Garrett, 992 N.E.2d at 719. To find a double jeopardy violation under this test, we must conclude that there is "a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense." Id. "The actual evidence test is applied to all the elements of both offenses." Id. "'In other words . . . the Indiana Double Jeopardy Clause is not violated when the evidentiary facts establishing the essential elements of one offense also establish only one or even several, but not all, of

5

the essential elements of a second offense.'" Id. (quoting Spivey v. State, 761 N.E.2d 831, 833 (Ind. 2002)).

On appeal, the State argues that the jury could have found that Maynard committed battery when he moved H.W.'s legs to the top of the couch. Appellee's Br. p. 8. However, during closing arguments, the State argued that he was guilty of battery by placing his hand on H.W.'s thigh or chest. The State also argued that Maynard was guilty of child molesting for repeatedly placing his hand down H.W.'s shirt and placing his hand on her thigh. We conclude that the State failed to delineate separate facts that established both offenses. Maynard has demonstrated a reasonable possibility that the same evidentiary facts were used to establish the essential elements of both offenses. Accordingly, we reverse and remand with instructions that the trial court vacate the battery conviction.

**Conclusion**

We conclude that Maynard's convictions for Class C felony attempted child molesting and Class B misdemeanor battery violate the prohibition against double jeopardy. Consequently, we reverse and remand with instructions to vacate those convictions. We affirm Maynard's conviction for Class C felony child molesting. We affirm in part, reverse in part, and remand.

Affirmed in part, reversed in part, and remanded.

BRADFORD, J., and BROWN, J., concur.