## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Sep 21 2016, 8:35 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Victoria L. Bailey<br>Indianapolis, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana<br><br>Christina D. Pace<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Donald C. Newlin,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | September 21, 2016<br><br>Court of Appeals Case No.<br>49A02-1603-CR-493<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Christina R. Klineman, Judge<br><br>The Honorable Marshelle Broadwell, Commissioner<br><br>Trial Court Cause No.<br>49G17-1509-F5-34476 |

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Defendant, Donald C. Newlin (Newlin), appeals his conviction for confinement, a Level 5 felony, Ind. Code § 35-42-3-3(a); battery with moderate bodily injury, a Level 6 felony, I.C. § 35-42-2-1(b)(1); and domestic battery, as a Class A misdemeanor, I.C. § 35-42-2-1.3(a).

We reverse and remand with instructions.

## ISSUE

Newlin raises one issue on appeal, which we restate as follows: Whether his conviction for criminal confinement and battery with moderate bodily injury violated Indiana's prohibition against double jeopardy.

## FACTS AND PROCEDURAL HISTORY

In September 2015, Newlin and Virginia Suter (Suter) had been in a romantic relationship for approximately six months, and had been living together with Suter's thirteen-month-old son in Suter's residence for the past month. On September 27, 2015, Suter and her son returned home from a trip to the park at around 6:00 p.m. Newlin came home about half an hour later; he was intoxicated. He wanted to talk about moving out of Suter's home, which had been an ongoing conversation between the couple. This discussion continued until Suter's son went to bed around 9:30 p.m. After Suter had put her son to bed, Newlin started following Suter around the house. Because she "had a feeling that something bad was going to happen," Suter hid her cell phone in

the trash can in the master bathroom. (Transcript pp. 29-30). The conversation became "heated" and Suter went into the master bedroom, locked the door and then went into the bathroom and locked the door. (Tr. p. 30). A little later, Suter heard a crash coming from the bedroom door. Not wanting to incur more property damage after Newlin had kicked in the bedroom door, Suter unlocked the bathroom door and exited. Newlin, who had entered the bedroom, spat on Suter and attempted to grab her arms. In an attempt to throw her arms away from Newlin's grasp, Suter hit Newlin in the mouth. Newlin responded, "[I]t's on bitch." (Tr. p. 31).

[5] Newlin grabbed Suter and pushed her backwards into the bathroom. Suter pulled down a towel rack and Newlin pushed her into the bathtub. Falling backwards, Suter grabbed Newlin's shirt and pulled him into the bathtub with her. They were face to face with Newlin on top of Suter.

[6] After Newlin got up out of the bathtub, Suter rolled onto her stomach and pushed herself out of the bathtub. When she stood up, Newlin grabbed her by the shoulders and pushed her down to the floor. As Suter lay on her back, facing the ceiling, Newlin "put all his weight on [her] face with his foot," causing her "[e]xtreme pain." (Tr. p. 34). Newlin picked up his foot and stomped on her face. Suter suffered a scratch, a large bruise across her nose and left side of her face, and discovered that her nose was bleeding. When Newlin released his weight off of Suter, she was able to roll over on her stomach and started to get up. Newlin then pushed her back down with his foot on the back of her head, causing a "very large" "goose egg" to form. (Tr. p. 36). He then

stomped on the back of Suter's head as he had done on her face. Eventually, Suter managed to get up onto her knees and grab a towel to try to stop her nose bleed. While she was kneeling, Newlin turned toward her and kicked Suter three to four times in the buttocks. The resulting bruise was approximately ten inches round and "extremely painful." (Tr. p. 37).

[7] Despite her pain, Suter wanted to see "how bad he [had] injured [her] nose," but Newlin told her that "it didn't matter what [her] face look[ed] like cause he was going to kill [her] anyway." (Tr. p. 37). Newlin continued blocking the bathroom doorway and would not let Suter exit. In an effort to calm Newlin down, Suter changed the subject to needing to fix the towel bar. Newlin allowed Suter to go to the garage, while he remained beside her, to get a screwdriver to make the repair.

[8] At that moment, the alarm on Suter's phone, which was in the bathroom trash can, went off. After Suter explained that it was a reminder to pay the water bill, Newlin allowed Suter to go to the kitchen to pay the water bill by phone. Newlin followed her and was pacing back and forth ranting "about something." (Tr. p. 40). When she had paid the bill, Suter placed the phone in her back pocket and persuaded Newlin to take the dogs outside while she went in the garage to get their dog food. When Suter was in the garage, she texted "911" to her son's father and put the phone in the dog food bag. (Tr. p. 40).

[9] Approximately one and a half hours later, two officers with the Indianapolis Metropolitan Police Department arrived. Newlin opened the door and assured

them everything was fine.  Newlin allowed the officers to enter the house.  While one officer took Newlin outside, the other officer spoke with Suter.  Suter had blood on her shirt, bruising on her face and arms, dried blood on the inside of her nose, and a hematoma on the back of her head.  Newlin denied anything had happened.

[10]   On September 30, 2015, the State filed an Information, charging Newlin, as amended, with criminal confinement, a Level 5 felony; battery with moderate bodily injury, a Level 6 felony; and domestic battery as a Class A misdemeanor, which was elevated to a Level 6 felony based on a prior domestic battery conviction.  On December 10, 2015, a jury trial was conducted.  Prior to the start of the trial, the State dismissed the domestic battery enhancement based on a prior domestic battery conviction.  At the close of the evidence, the jury found Newlin guilty as charged.  On January 7, 2016, the trial court sentenced Newlin to three years executed for criminal confinement, 365 days for battery with moderate bodily injury, and 365 days for domestic battery as a Class A misdemeanor.  The trial court ordered the sentences to run concurrently.

[11]   Newlin now appeals.  Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[12]   Newlin contends that the trial court violated Indiana's prohibition against double jeopardy by imposing a conviction for both criminal confinement and battery with moderate bodily injury even though there was a reasonable

probability that the jury relied on the same actual evidence to convict him of both offenses.

[13] The Double Jeopardy Clause of the Indiana Constitution provides in part: "No person shall be put in jeopardy twice of the same offense." Ind. Const. art. 1, § 14. Two or more offenses are the "same offense" if "with respect to *either* the statutory elements of the challenged crimes *or* the actual evidence used to convict, the essential elements of one challenged offense also establish the essential elements of another challenged offense." *Sloan v. State*, 947 N.E.2d 917, 924 (Ind. 2011) (quoting *Richardson v. State*, 717 N.E.2d 32, 49 (Ind. 1999)). Newlin's argument rests on the actual-evidence test: "dual convictions cannot stand if a defendant 'demonstrate[s] a reasonable possibility that the evidentiary facts used by the fact-finder to establish the elements of one offense may also have been used to establish the essential elements of a second challenged offense." *Id*. (quoting *Wise v. State*, 719 N.E.2d 1192, 1201 (Ind. 1999)). However, there is no double jeopardy violation "when the evidentiary facts establishing the essential elements of one offense also establish only one or even several, but not all, of the essential elements of a second offense." *Id* (quoting *Spivey v. State*, 761 N.E.2d 831, 833 (Ind. 2002)). Application of the actual-evidence test requires a reviewing court to look at the evidence presented at trial and decide whether each challenged offense was established by separate, distinct facts. *Id*.

[14] Newlin argues—and the State agrees—that his conviction for criminal confinement and battery with moderate bodily injury are both based on the

same injury and thus violate the same evidence test of the double jeopardy clause. The charging information for Level 5 criminal confinement stated, in pertinent part, "[Newlin] did knowingly confine [Suter] without the consent of [Suter], said act resulting in bodily injury to [Suter], to wit: pain and/or bruising to [Suter]." (Appellant's App. Vol. II, p. 42). Likewise, the charging information for Level 6 felony battery resulting in moderate bodily injury stated, in pertinent part, "[Newlin] did knowingly or intentionally touch [Suter] in a rude, insolent, or angry manner, resulting in moderate bodily injury to the other person, specifically moderate pain and/or bruising and/or temporal loss of full range of motion in arm." (Appellant's App. Vol. II, p. 42). In its closing argument, the State used the same injuries to support both convictions. Therefore, Newlin and the State conclude that there is a reasonable probability that the jury relied on the same evidence to find the essential elements of confinement and battery with moderate bodily injury. We agree. Thus, we reverse and remand to the trial court with instruction to vacate Newlin's conviction for battery with moderate bodily injury, a Level 6 felony.[1]

## CONCLUSION

---

[1] Because Newlin was sentenced to concurrent sentences, his aggregate sentence is not affected by the vacation of his battery conviction. Accordingly, no sentencing hearing must be conducted.

Based on the foregoing, we conclude that the trial court violated Indiana's prohibition against double jeopardy and order the trial court to vacate Newlin's conviction for battery with moderate bodily injury, a Level 6 felony.

Reversed and remanded with instructions.

Bailey, J. and Barnes, J. concur