## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 22 2017, 10:32 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kimberly A. Jackson
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Billy Neeley,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

March 22, 2017

Court of Appeals Case No.
66A03-1608-CR-1933

Appeal from the Pulaski Superior Court

The Honorable Patrick Blankenship, Judge

Trial Court Cause No.
66D01-1507-F6-65

**Barnes, Judge.**

# Case Summary

Billy Neeley appeals his Level 6 felony convictions for domestic battery and battery in the presence of a child. We reverse in part and affirm in part.

# Issue

Neeley raises one issue for our review, which is whether his convictions for domestic battery and battery in the presence of a child violate the Indiana Constitution's prohibition against double jeopardy.

# Facts

Casey Carter has three children under the age of sixteen. Carter has known Neeley for four or five years, and Neeley is the father of Carter's two youngest children. On July 14, 2015, Carter and Neeley lived together in Pulaski County. Carter and Neeley were in their house with the three children when they began arguing and yelling. Ultimately, Carter and Neeley were involved in an altercation. Neeley hit Carter one time "with a closed fist, in an upper cut motion," and Carter suffered a cut to her chin that required medical attention at the hospital. Tr. p. 174.

The State charged Neeley with two Level 6 felonies—domestic battery and domestic battery in the presence of a child. A jury found Neeley guilty of both charges, and the trial court entered judgments of conviction on both counts. On July 28, 2016, the trial court sentenced Neeley to twenty-four months executed on each charge, and suspended twelve months of each sentence. The trial court ordered Neeley to serve his sentences concurrently.

# Analysis

Neeley contends his convictions violate the Indiana Constitution's prohibition against double jeopardy because "the charging instruments, the evidence at trial, and the State's opening and closing statements demonstrate that the one hit to the chin was the basis" for both of his convictions. Appellant's Br. p. 8. Neeley asks us to vacate one of his convictions. The State "recognizes" that Neeley's convictions "may" violate double jeopardy principles. Appellee's Br. p. 7.

The Double Jeopardy Clause of the Indiana Constitution provides that "[n]o person shall be put in jeopardy twice for the same offense." Ind. Const. art. 1, § 14. "[T]wo or more offenses are the same offense in violation of article 1, section 14 if, with respect to . . . the actual evidence used to obtain convictions, the essential elements of one challenged offense also establish the essential elements of another challenged offense." *Garrett v. State*, 992 N.E.2d 710, 719 (Ind. Ct. App. 2013) (citing *Richardson v. State*, 717 N.E.2d 32 (Ind. 1999)).

> Under the actual evidence test, we examine the actual evidence presented at trial in order to determine whether each challenged offense was established by separate and distinct facts. To find a double jeopardy violation under this test, we must conclude that there is a reasonable possibility that the evidentiary facts used by the fact-finder to establish the essential elements of one offense may also have been used to establish the essential elements of a second challenged offense. The actual evidence test is applied to all the elements of both offenses. In other words . . . the Indiana Double Jeopardy Clause is not violated when the evidentiary facts establishing the essential elements of one offense also

establish only one or even several, but not all, of the essential elements of a second offense.

*Id.* (citing *Richardson*, 717 N.E.2d at 53, and *Spivey v. State,* 761 N.E.2d 831, 833 (Ind. 2002)) (quotations omitted) (alteration in *Garrett*).

[7] Here, the State charged Neeley with two crimes based on its allegation that Neeley struck Carter one time. Similarly, the State presented evidence of only one action by Neeley that resulted in an injury to Carter—striking Carter's chin.[1] The State concedes "there is a reasonable possibility that the evidentiary facts used by the jury to establish the essential elements of the domestic battery may also have been used to establish the essential elements of the battery," and we agree. Appellee's Br. p. 9.

[8] When two convictions are found to contravene double jeopardy principles, a reviewing court may remedy the violation by reducing either conviction to a less serious form of the same offense if doing so will eliminate the violation. If it will not, one of the convictions must be vacated. In the interest of efficient judicial administration, the trial court need not undertake a full sentencing reevaluation, but rather the reviewing court will make this determination itself, being mindful of the penal consequences that the trial court found appropriate.

---

[1] We acknowledge that Carter testified, in addition to Neeley striking her, she and Neeley were "wrestling around." Tr. p. 164. Carter also testified she suffered an injury to the inside of her mouth, which the nurse who treated her described as a "small puncture wound inside of her lower lip, that presumably may have come from her teeth." *Id.* at 164. Defense counsel characterized the injury to Carter's mouth as a bitten lip. *See id*. at 164. The record contains no evidence that Neeley injured Carter when they wrestled or that Neeley inflicted the injury to the inside of Carter's lip separately from inflicting the injury to Carter's chin.

*Richardson*, 717 N.E.2d at 54.

[9] Here, simply reducing one of Neeley's convictions would not eliminate the double jeopardy violation because any such reduced conviction would still require proof Neeley struck Carter. Instead, we vacate Neeley's conviction for battery in the presence of a child.[2] We affirm Neeley's conviction and sentence for domestic battery.

## Conclusion

[10] There is a reasonable possibility that the jury used the same evidentiary facts to establish the essential elements of Neeley's convictions for both battery in the presence of a child and domestic battery. As such, we vacate Neeley's conviction for battery in the presence of a child and affirm his conviction and sentence for domestic battery. We reverse in part and affirm in part.

[11] Reversed in part; affirmed in part.

Kirsch, J., and Robb, J., concur.

---

[2] The State requests that we vacate Neeley's conviction for battery in the presence of a child. Neeley asks us to "vacate on of his convictions" but does not specifically argue which one. Appellant's Br. p. 9.