

# IN THE
# Court of Appeals of Indiana

William Ray Grimes,

*Appellant-Defendant*



FILED

Apr 13 2026, 8:53 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

v.

State of Indiana,

*Appellee-Plaintiff*

---

April 13, 2026

Court of Appeals Case No.
25A-CR-1687

Appeal from the Sullivan Superior Court

The Honorable Hugh R. Hunt, Judge

Trial Court Cause No.
77D01-2404-MR-200

---

**Opinion by Chief Judge Tavitas**
Judges Weissmann concurs.
Judge Foley dissents with separate opinion.

**Tavitas, Chief Judge.**

## Case Summary

[1] Following a jury trial, William Grimes was convicted of felony murder and conspiracy to commit burglary resulting in serious bodily injury, a Class A felony. Grimes appeals and argues that his convictions for both felony murder and conspiracy to commit burglary resulting in serious bodily injury: (1) violate the multiple convictions statute; and (2) constitute substantive double jeopardy. We conclude that Grimes' convictions for both conspiracy to commit burglary resulting in serious bodily injury and felony murder based on the same burglary constitute substantive double jeopardy. Accordingly, although we affirm Grimes' conviction for felony murder, we reverse his conviction for conspiracy to commit burglary resulting in serious bodily injury and remand with instructions that the trial court vacate the judgment of conviction and sentence entered on that count.

## Issue

[2] Grimes presents two issues, one of which we find dispositive and restate as whether Grimes' convictions for felony murder and conspiracy to commit burglary resulting in serious bodily injury constitute substantive double jeopardy.

## Facts

[3] The victim in this case, Lowell Badger, was an elderly farmer—Badger was eighty-five years old at the time of his death—who lived alone after his wife

passed away in 2008.  In early December 2012, Badger planned to visit his daughter in Bluffton on December 7 and 8.  Before he left, Badger ran into Grimes at a local store.  Grimes and his brother, Artie, had worked for Badger in the past.  Badger and Grimes had a friendly conversation, and Badger told Grimes about his plans to visit his daughter.  Badger's plans, however, changed.  His friend's mother died, and the funeral was scheduled for December 8.  Accordingly, Badger decided to stay home and attend the funeral and was home on the night of December 7.

[4] On the night of December 7, Grimes, his brother Artie, and their friend Richard Taft were hanging out together and using methamphetamine.  The three men rode around in a truck trying to poach deer using a spotlight; Grimes had a handgun and a rifle with him.  At some point, Grimes told the others he knew where they could get some "pills and money."  Tr. Vol. VII p. 82.  The men then drove to Badger's home and entered via an unlocked door in the garage.  Grimes took the handgun with him into the house.

[5] Once inside Badger's home, Taft attempted to disconnect the television, while Grimes went to another part of the home.  Badger, who was home at the time, went to investigate and confronted Grimes.  Grimes struck Badger and knocked him down.  Badger recognized Artie by name.  Badger pleaded on his knees, "please don't hurt me.  Take whatever you want.  I won't tell nobody." *Id*. at 90.  Unmoved, Grimes said, "f\*\*k that.  He's seen us.  He knows who -- who we are." *Id*.  Grimes then shot Badger in the head and chest, killing him.  Taft ran away and hid in a nearby fence line, but Grimes and Artie took Badger's

television, wallet, and safe and fled the scene. Badger's family later discovered his body.

[6] Badger's murder went unsolved for several years. But during this time, Grimes told several friends and family members about his involvement in the crimes and stated that he did not know Badger would be home. Eventually, Taft came forward with information regarding Badger's murder while he was incarcerated on other, unrelated charges.

[7] On April 26, 2024, Grimes was indicted on charges of felony murder; burglary, a Class A felony; and conspiracy to commit burglary, a Class A felony. The State also filed a notice of intent to seek a sentencing enhancement based on the use of a handgun. An eight-day jury trial commenced on May 12, 2025, at the conclusion of which the jury found Grimes guilty as charged. At sentencing, the trial court vacated the conviction for burglary on double jeopardy grounds and entered judgments of conviction on the felony murder and conspiracy verdicts. The trial court sentenced Grimes to sixty-five years on the felony murder conviction, which it enhanced by an additional five years for the use of a handgun, and to a consecutive term of fifty years on the conspiracy conviction. Grimes now appeals.

## Discussion and Decision

[8] Grimes claims that his convictions for both conspiracy to commit burglary resulting in serious bodily injury and felony murder based on the same burglary constitute substantive double jeopardy under *Wadle v. State*, 151 N.E.3d 227

(Ind. 2020). In *Wadle*, our Supreme Court set forth a three-step test to determine whether two or more convictions constitute substantive double jeopardy. Under this test, we first determine whether the provisions clearly permit "multiple punishment, whether expressly or by unmistakable implication[.]" *Id.* at 253. Unless the provisions so permit, we proceed to the second step, which asks whether the offenses are included, "either inherently or as charged[.]" *Id.* If the offenses are not included, there is no double jeopardy violation. But if the offenses are included, we proceed to the third and final step, in which we "examine the facts underlying those offenses, as presented in the charging instrument and as adduced at trial." *Id.* If the facts demonstrate that the defendant's actions were "so compressed in terms of time, place, singleness of purpose, and continuity of action as to constitute a single transaction," we will find that the defendant's convictions constitute double jeopardy. *Id.*

**Step 1**

[9] Under the first step of the *Wadle* test, we ask whether "the language of either statute clearly permits multiple punishment, whether expressly or by unmistakable implication." *Wadle*, 151 N.E.3d at 253. Grimes argues that nothing in either the felony murder statute or the conspiracy and burglary statutes expressly permits multiple punishments. The State argues that the unmistakable implication of the conspiracy statute is that it clearly permits multiple punishments.

[10]     In support of its argument, the State relies on *Garth v. State*, 182 N.E.3d 905 (Ind. Ct. App. 2022), *trans. denied*. In that case, we held that the defendant's convictions for murder and conspiracy to commit murder did not constitute double jeopardy. Our holding was based on the multiple convictions statute, which prohibits convictions for both a conspiracy and an attempt with respect to the same underlying crime, and for both a crime and an attempt to commit the same crime. *See* Ind. Code § 35-41-5-3. The multiple convictions statute, however, says nothing about convictions for both a completed crime and a conspiracy to commit the same crime. *Garth*, 182 N.E.3d at 920.

[11]     Accordingly, in *Garth*, we noted that "[i]f the legislature wanted to prohibit convictions for both a crime and a conspiracy to commit that same crime, it surely would have included such language in" the multiple convictions statute. 182 N.E.3d at 920. We, therefore, concluded that "the murder and conspiracy statutes allow for multiple punishments," and that the defendant's convictions for both murder and conspiracy to commit murder were not double jeopardy. *Id*. at 920; *see also Littlefield v. State*, 215 N.E.3d 1081, 1088 (Ind. Ct. App. 2023) (holding that defendant's convictions for murder and conspiracy to commit murder were not double jeopardy under the first step of the *Wadle* test).

[12]     We find *Garth* and *Littlefield* to be readily distinguishable. Grimes was not convicted of both the underlying crime and conspiracy to commit the underlying crime, as were the defendants in *Garth* and *Littlefield*. Instead, he was convicted of conspiracy to commit burglary and felony murder, an entirely different crime. Although conspiracy is a distinct crime, this does not mean

that the statutes expressly permit multiple punishments. To the contrary, we held in *Hendricks v. State*, 162 N.E.3d 1123, 1139 (Ind. Ct. App. 2021), that the statutes defining felony murder and conspiracy to commit robbery did not clearly permit multiple punishments, even though the felony murder was based on the robbery.[1] The same is true here. We, therefore, proceed to the second step of the *Wadle* analysis.

**Step 2**

[13] "Under *Wadle* step two, we determine whether the two offenses for which the defendant was convicted constitute 'included' offenses." *Boner v. State*, 243 N.E.3d 354, 366 (Ind. Ct. App. 2024) (quoting *Wadle*, 151 N.E.3d at 248). Included offenses come in two varieties: (1) "inherently" included offenses; and (2) offenses that are included "as charged" or "factually included." *Id*. (citing *A.W. v. State*, 229 N.E.3d 1060, 1067 (Ind. 2024)).

[14] As explained in *Wadle*, 151 N.E.3d at 248, an offense is inherently included if it meets the definition of an included offense under Indiana Code Section 35-31.5-2-168. This statute provides that an "[i]ncluded offense" means an offense that:

---

[1] The State criticizes *Hendricks* by claiming that, there, we considered only the express language of the statutes and failed to analyze whether the conspiracy statute permits multiple punishments by unmistakable implication. We disagree. When explaining the first step of the *Wadle* test in *Hendricks*, we explicitly stated that statutes may permit multiple punishment either expressly "or by unmistakable implication." *Hendricks*, 162 N.E.3d at 1138 (quoting *Wadle*, 151 N.E.3d at 253). We then looked at the text of the statutes and concluded that they did not clearly permit multiple punishment. *Id*. The clear implication of this is that the statutes did not permit multiple punishment either expressly or by unmistakable implication.

> (1) is established by proof of the same material elements or less than all the material elements required to establish the commission of the offense charged;
>
> (2) consists of an attempt to commit the offense charged or an offense otherwise included therein; or
>
> (3) differs from the offense charged only in the respect that a less serious harm or risk of harm to the same person, property, or public interest, or a lesser kind of culpability, is required to establish its commission.

I.C. § 35-31.5-2-168.

[15] In contrast to inherently included offenses, "[o]ffenses are included as charged when 'the charging instrument alleges that the means used to commit the crime charged include all of the elements of the alleged lesser included offense.'" *Boner*, 243 N.E.3d at 366 (quoting *A.W.*, 229 N.E.3d at 1067). In *A.W.*, our Supreme Court clarified *Wadle*'s "perhaps misunderstood directions, while adding a modification at Step 2." Specifically, *A.W.* held that:

> [W]here ambiguities exist in a charging instrument about whether one offense is factually included in another, courts must construe those ambiguities in the defendant's favor, and thus find a presumptive double jeopardy violation at Step 2. In this event, the State can later rebut this presumption at Step 3.

229 N.E.3d at 1069.

[16] Here, the charging instrument was ambiguous as to whether the conspiracy-to-commit-burglary charge was factually included in the felony murder charge. The felony murder charge alleged that Grimes "did knowingly or intentionally

commit or attempt to commit burglary: to wit: did break and enter the dwelling of [Badger], with the intent to commit a felony in it, and in doing so, [Grimes] or another person did kill [Badger]." Appellant's App. Vol. II p. 22. The conspiracy-to-commit-burglary charge alleged that Grimes "did knowingly or intentionally agree with another person to commit the crime of Burglary of a dwelling," that Grimes "and/or one or more conspirators performed an overt act in furtherance of the agreement, to wit: by travelling to [Badger]'s dwelling, securing the exterior door, and/or disposing of stolen property, and the commission of the burglary resulted in serious bodily injury to [Badger]." *Id*. at 27.

[17] Although the charging instrument included some factual allegations, we can still conceive of facts under which the means used to commit the felony murder charge did not include all the elements of the conspiracy-to-commit-burglary charge. We must construe any ambiguity against the State and presume a double jeopardy violation at Step 2, which the State can rebut at Step 3. *See A.W.*, 229 N.E.3d at 1069.

**Step 3**

[18] "Under *Wadle* step three, we examine the facts underlying the offenses, 'as presented in the charging instrument and as adduced at trial.'" *Boner*, 243 N.E.3d at 367 (quoting *Wadle*, 151 N.E.3d at 249). "'Based on this information, a court must ask whether the defendant's actions were so compressed in terms of time, place, singleness of purpose, and continuity of action as to constitute a single transaction.'" *Id*. (quoting *Wadle*, 151 N.E.3d at

249). "If the defendant's acts constitute a single transaction, the multiple convictions constitute double jeopardy." *Id.*

[19] Here, Grimes conceived of the plan to burglarize Badger's home, informed his co-conspirators, drove to Badger's home, and entered the home, where Grimes was confronted by Badger, who was unexpectedly home at the time. Grimes then shot and killed Badger. All of this occurred within the span of one night and was part of a continuous course of conduct. Grimes' actions were compressed in terms of time, place, and continuity of action.

[20] The State claims that Grimes' actions did not share a singleness of purpose because Grimes and his co-conspirators only agreed to burglarize the home, not kill Badger. We disagree. First, when considering whether the defendant's actions constituted a single transaction, we consider all of the factors—time, place, singleness of purpose, and continuity of action—together, not in isolation. Moreover, felony murder never requires that the killing be done with purpose, i.e., knowingly or intentionally; instead, the felony murder statute requires only the killing of another human being while committing (or attempting to commit) one of the listed felonies. *See* I.C. § 35-42-1-1(2). The fact that the killing need not be intentional does not mean that the conspiracy and felony murder did not share a singleness of purpose. The singleness of

purpose was the burglary, and Badger was shot and killed during the commission of this burglary.[2]

[21] We conclude that Grimes' actions were so compressed in terms of time, place, singleness of purpose, and continuity of action as to constitute a single transaction. His convictions for both conspiracy to commit burglary resulting in serious bodily injury and felony murder based on the same burglary, therefore, constitute double jeopardy.[3] *See Hendricks*, 162 N.E.3d at 1140 (holding that actions on which defendant's convictions for conspiracy to commit robbery and felony murder were based constituted a single transaction). Accordingly, we reverse Grimes' conviction for the lesser offense of conspiracy to commit burglary and remand with instructions that the trial court vacate the judgment of conviction and sentence entered on that count. *See Wadle*, 151 N.E.3d at 255-56 (ordering vacatur of the lesser offense as remedy for double jeopardy violation).

---

[2] The State cites *Spivey v. State*, 761 N.E.2d 831 (Ind. 2002), and *Willey v. State*, 712 N.E.2d 434 (Ind. 1999), in support of its argument that conspiracy and felony murder do not constitute double jeopardy. *Spivey* was decided under the previously-used *Richardson* double jeopardy analysis, and is no longer controlling. *See Wadle*, 151 N.E.3d at 235 (expressly overruling the *Richardson* tests in resolving claims of substantive double jeopardy). *Willey* was a case involving the federal double jeopardy clause, and has no bearing on our *Wadle* analysis.

[3] Grimes also claims that his convictions for conspiracy to commit burglary and felony murder violate the multiple convictions statute, Indiana Code Section 35-41-5-3. This statute provides that a defendant cannot be convicted of "both a conspiracy and an attempt with respect to the same underlying crime" or of "both a crime and an attempt to commit the same crime." *Id*. Because we reverse Grimes' conviction for conspiracy to commit burglary on double jeopardy grounds, we need not address his argument under the multiple convictions statute.

## Conclusion

[22] Grimes' convictions for both conspiracy to commit burglary resulting in serious bodily injury and felony murder based on the same burglary constitute substantive double jeopardy. Accordingly, we affirm Grimes' conviction for felony murder but reverse his conviction for conspiracy to commit burglary resulting in serious bodily injury and remand with instructions that the trial court vacate the judgment of conviction and sentence entered thereon.

[23] Affirmed in part, reversed in part, and remanded.

Weissmann, J., concurs.

Foley, J., dissents with separate opinion.

ATTORNEY FOR APPELLANT

Christopher Taylor-Price
Taylor-Price Law, LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General of Indiana

Jesse R. Drum
Supervising Deputy Attorney General
Indianapolis, Indiana

**Foley, Judge, dissenting.**

I respectfully dissent.

While I agree with the majority as to Step 1 of the *Wadle* analysis, I part ways as to Step 2. First, I would conclude that the two offenses are not inherently included offenses under Indiana Code section 35-31.5-2-168, as conspiracy to commit burglary is not established by proof of same material elements as felony murder, does not consist of an attempt to commit felony murder, and is not a lesser included offense of felony murder.

Next, we must consider whether the offenses are included, as charged. Based on the language used in the charging instrument, I do not believe that an ambiguity exists regarding whether the offense of conspiracy to commit burglary was factually included in the offense of felony murder. Here, the charging instrument provided as to felony murder:

> that on or about the 8th day of December, 2012, at and within
> the County of Sullivan and in the State of Indiana, [Grimes] did
> knowingly or intentionally commit or attempt to commit
> burglary: to wit: did break and enter the dwelling of [Badger],
> with the intent to commit a felony in it, and in doing so,
> [Grimes] or another person did kill Lowell . . . .

Appellant's App. Vol. II p. 22. As to the offense of conspiracy to commit burglary, the charging information provided:

> that on or about the 8th day of December, 2012, at and within
> the County of Sullivan and in the State of Indiana, [Grimes] did

> knowingly or intentionally agree with another person to commit the crime of Burglary of a dwelling, and [Grimes] and/or one or more conspirators performed an overt act in furtherance of the agreement, to wit: by travelling to [Badger's] dwelling, securing the exterior door, and/or disposing of stolen property, and the commission of the Burglary resulted in bodily injury to [Badger] . . .

*Id.* at 27.

[27]    The conspiracy to commit burglary count disclosed the means alleged to commit the "act[s] in furtherance" of the conspiracy, which were specifically identified by the State as "travelling to [Badger's] dwelling, securing the exterior door, and/or disposing of stolen property." *Id.* In contrast, in the felony murder count, the State alleged the means by which Grimes committed burglary was by breaking and entering Badger's dwelling with the intent to commit a felony therein. The majority concludes that there is an ambiguity in the charges about whether one offense is factually included in the other, and therefore under *A.W.*, we presume a double jeopardy violation and proceed to Step 3.

[28]    I find no such ambiguity. The two charges explicitly included distinct factual allegations that dispelled any ambiguity in the means alleged. The felony murder alleged a breaking and entering occurred. However, in the conspiracy to commit burglary charge, the State disclosed the operative facts it alleged supported the conspiracy, specifically alleging that Grimes committed the acts of "travelling to [Badger's] dwelling, securing the exterior door, and/or

disposing of stolen property," which constitute acts in furtherance of the conspiracy. *Id.* Those operative facts fail to support any material element of the felony murder count, such that same facts are not being used to prove both offenses. Here, no asymmetrical benefit is conferred to the State because the State specifically alleged the operative facts relied upon for the conspiracy to commit burglary count, and those facts fail to support any material element of the felony murder count.

[29] Because I find no ambiguity in the charging instrument, I conclude that the offenses are not factually included offenses. Under *Wadle*, our analysis ends then at Step 2, and I would find no double jeopardy violation. *Wadle*, 151 N.E.3d at 248.